UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPO LAST MILE INC., <br><br> Petitioner, <br><br> v. <br><br> ANESSA'S TRANSPORT INC., <br><br> Respondent. | Case No. 18-cv-00709-SK <br><br> **ORDER TO SHOW CAUSE REGARDING JURISDICTION** |

Pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, Petitioner XPO Last Mile Incorporated filed this action for an order confirming an arbitration award providing Respondent Anessa's Transport Incorporated with nothing. Now pending before the Court is Petitioner's motion to confirm the arbitration award. However, after reviewing the petition and motion, the Court directs Petitioner to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction.

Under the FAA, and unless otherwise agreed by the parties, a petition to confirm, vacate, or modify an arbitration award may be made to the district court "for the district in which the award was made." 9 U.S.C. §§ 9, 10, 11. "However, the FAA does not itself confer jurisdiction on federal district courts over actions to compel arbitration or to confirm or vacate arbitration awards, nor does it create a federal cause of action giving rise to federal question jurisdiction under 28 U.S.C. § 1331." *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 918 (9th Cir. 2009) (citations omitted). Thus, a federal court has jurisdiction to enter judgment on an arbitration award only where there is an independent basis for federal jurisdiction. *Id.*; *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

Petitioners invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the

sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. The petition asserts that the parties are citizens of different states and that the amount in controversy in the underlying arbitration exceeds $75,000.

Whether the jurisdictional amount is based on the amount in controversy in the underlying arbitration, or on the amount of the arbitration award depends upon whether the parties are seeking to re-open the arbitration proceedings. *See Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005). In *Theis Research*, the plaintiff moved to vacate an arbitration award of zero dollars, but also filed a complaint seeking damages for substantially the same claims asserted in the underlying arbitration. *Id.* at 661. The court held that the amount in controversy was satisfied because the plaintiff was seeking to obtain $200 million in damages in the underlying action, and that attempt to seek that amount equated to a request to reopen its arbitrated claims. *Id.* at 665 ("Although [neither party has] asked that the arbitration proceedings be reopened, Theis sought to obtain by its district court complaint substantially what it had sought to obtain in the arbitration. Theis simply chose to 'reopen' its claims in the district court rather than in arbitration.").

The *Theis Research* court noted that, although there is a split among the circuits on whether the amount in controversy is determined by the arbitration award or the amount at issue in the underlying arbitration, in general "the cases have turned upon whether the party seeking to vacate an arbitration award also sought to reopen the arbitration." *Id.* at 664 (citing cases). The court cited *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997), in which the court found the amount in controversy was not met where the plaintiffs sought to vacate an arbitration award requiring them to pay $36,284.69 but did not seek to reopen arbitration. "The maximum remedy sought by the Baltins was the vacatur of the arbitration award" which did not meet the jurisdictional minimum. *Theis Research,* 400 F.3d at 665. The court in *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255 (6th Cir. 1994), also concluded that the jurisdictional minimum was not satisfied because the plaintiffs sought only to vacate a $30,524 arbitration award and neither party sought additional damages. *Theis Research*, 400 F.3d at 665. The court in *Ford* "was quite clear that, had the losing party sought to challenge the arbitrator's denial of that party's counterclaims," which were valued over the jurisdictional minimum, then the amount in

2

controversy would have been met. *Id.* (citing *Ford,* 29 F.3d at 260); *accord Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 431 F.3d 1320 (11th Cir. 2005) (holding amount in controversy was met where plaintiff sought to vacate a zero-dollar award and requested a new hearing before a different arbitration panel where he would seek recovery of up to two million dollars).

Following *Theis Research*, courts have held that "[w]hen a petitioner seeks confirmation or vacatur of an award, without seeking a remand for further arbitration proceedings, the amount in controversy is the value of the [arbitration] award itself . . . ." *Hansen Bev. Co. v. DSD Distributors*, 2008 WL 5233180 at *5 (S.D. Cal. Dec. 12, 2008) (quotations and citation omitted); *see also Coffey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2012 WL 94545 at *5 (C.D. Cal., Jan. 11, 2012) (same); *cf. Shannon Associates LLP v. MacKay*, CW, 2009 WL 4756568 at *3 (N.D. Cal., Dec. 8, 2009) (concluding that petition to confirm a $7,000 arbitration award did not meet the required amount for diversity jurisdiction, but that petitioners' request to strike the arbitrators' $260,000 offset in damages satisfied the jurisdictional amount).

Here, no one is seeking to reopen the arbitration proceedings. Therefore, based on *Theis Research*, it appears as though the amount in controversy is determined by the amount of the arbitration award, which is zero dollars. If Petitioner obtains all the relief requested in its Petition, it will receive zero dollars. Likewise, Respondent will receive zero dollars. Accordingly, Petitioner is directed to file a response to this order, showing cause why this matter should not be dismissed for lack of subject matter jurisdiction, without prejudice to seeking confirmation of the arbitration award in a proper forum. Petitioner's response shall be filed no later than April 23, 2018 and shall not exceed 5 pages.

**IT IS SO ORDERED**.

Dated: April 16, 2018

_____
SALLIE KIM
United States Magistrate Judge